

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXX~~
ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. 0-3872
Re: Do the trustees of an independent
school district have the authority
to employ a full time dentist for
the ensuing school year and pay
him out of local school funds?

We are in receipt of your letter of August 16, 1941,
in which you request the opinion of this department upon the
question set out as follows:

"Please advise me whether or not the Trustees
of the Willis Independent School District of Willis,
Montgomery County, Texas, have the authority to em-
ploy a full time dentist for the ensuing school
year at a specified salary to be paid on a month
to month basis, and whether or not school funds can
be expended for such a purpose. . . . ."

In your letter you ask whether or not "school funds"
can be expended for the purpose mentioned. We assume that by
school funds you are referring to local school funds, the ex-
penditure of which are authorized by Article 2827 which reads
in part as follows:

"2. Local school funds from district taxes,
tuition fees of pupils not entitled to free tui-
tion and other local sources may be used for the
purposes enumerated for State and county funds
and for purchasing appliances and supplies, for
the payment of insurance premiums, janitors and
other employes, for buying school sites, buying,
building and repairing and renting school houses,
and for other purposes necessary in the conduct
of the public schools to be determined by the
Board of Trustees, the accounts and vouchers for
county districts to be approved by the county
superintendent; provided, that when the State
available school fund in any city or district is

sufficient to maintain the schools thereof in
any year for at least eight months, and leave
a surplus, such surplus may be expended for the
purposes mentioned herein.   . . . ."

It is our opinion that your question is answered in
the case City of Dallas vs. Mosely, 286 S.W. 497, by the Dallas
Court of Civil Appeals.  Certain of the pertinent facts stated
by the court are as follows:

"After a careful investigation of the work-
ing of health departments in other cities by the
school authorities of the city of Dallas, and be-
lieving that the efficiency of the city's free
schools would thereby be increased, the board of
education, by resolution duly adopted, established
this department, and it was in force for the school
year 1925-26.  An appropriation of $30,000, or so
much thereof as necessary, was duly made from the
funds derived from the special taxes levied by the
city of Dallas for maintaining its public schools,
for the establishment and maintenance of said
health department.  A competent physician was em-
ployed as superintendent of this department at
a salary of $4,000 per year, and such physician
is required to devote his entire time to this work.
A competent woman physician was employed as assis-
tant superintendent at a salry of $2,500.00 per
year, and she is required to devote her entire
time to the work.  Six women nurses were employed
for the school year of nine months, each at a
salary of $125 per month.  During a portion of
the year a dentist was employed at a salary  of
$2,000; such dentist, however, was not in said
department at the time of the filing of this suit,
and is not now connected therewith, but it is
assumed that a competent dentist will be employed
in the future.

"   . . . . . . . "

The court stated as follows:

"Article 2827, 1925 Revised Statutes, places
an express limitation on the power of a school board
in the expenditure of school funds.  . . . . .

"It is apparent, therefore, that the correct
solution of the question under inquiry is dependent
largely on whether the said health department, as it
is maintained by the said board of education, has for

its primary purpose improving the efficiency of
the system of public schools for the city of
Dallas. . . . . .

"We are of the opinion that the school board
was acting under an authorized legal discretion
when it organized and installed the health depart-
ment for the purposes for which same was organized,
and that it is being conducted for a lawful and
commendable purpose, and has increased the effi-
ciency of the school system of the city of Dallas.
. . . . . . . "

The case was affirmed by the Commission of Appeals
in 17 S.W. (2d) 36. The court concluded as follows:

"Modern science has conclusively established
the fact, and the record in this case conclusively
shows, that there is an intimate relation between
the mind and the body, and no teacher can intelli-
gently deal with the child's mind who ignores such
child's physical condition. It therefore follows,
as a matter of course, that money wisely and ju-
diciously expended by the school board within pro-
per limitation to ascertain the child's physical
condition is a wise and legitimate expense of the
teaching process. It would not only be an injustice
to the child to conduct the teaching process with-
out information as to its physical condition, but
such a system would be a waste of public funds.

"We are of the opinion that the board of edu-
cation has the right an power, under the Constitu-
tion and laws of this state, and the charter of said
city, to exercise sound jugment and discretion to
perform and carry out the duties and powers dele-
gated to them by law, and that in exercising such
powers, they have not violated any law of this
state, or any provision of the charter of said
city, in instituting and maintaining the system
of medical inspection and health work shown by the
record in this case."

It is the opinion of this department, therefore, that
the trustees of the independent school district do have the
authority to employ a full time dentist for the ensuing school
year and to pay him a salary out of the local school funds col-
lected by said school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Billy Goldberg
        Billy Goldberg
        Assistant

BG:mp:wc


APPROVED AUG 27, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman